IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SCOTT H. PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 1:15CV616 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Scott H. Patton, brought this action to obtain review of a final decision of the Commissioner of Social Security denying his claim for social security disability benefits. The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth herein, the Court recommends that Defendant's Motion for Judgment on the Pleadings (Docket Entry 11) be denied, Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 9) be granted, and that this matter be remanded to the Commissioner.

## I. PROCEDURAL HISTORY

On November 2, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income. (Tr. 225-37.)[1] Both claims were denied initially and again upon reconsideration. (Tr. 109-10, 134-35.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ)

---

[1] Transcript citations refer to the sealed administrative record. (Docket Entry 7.)

on February 20, 2013. (Tr. 170-71.) A hearing was held on November 22, 2013. (Tr. 32-84.) Plaintiff, his attorney, a vocational expert, and a witness for Plaintiff were present. After the hearing, the ALJ rendered unfavorable decisions on both claims. (Tr. 12-31.) On March 25, 2014, Plaintiff filed a request for review on both claims. (Tr. 9-11.) The Appeals Council denied his request on May 28, 2015. (Tr. 1-5.) The Appeals Council's denial rendered the ALJ's decision the final administrative action of the Commissioner in Plaintiff's case.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether Plaintiff is disabled, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 1,

2

2008. (Tr. 17.) At step two, the ALJ found that Plaintiff had a combination of severe impairments including mood disorder, borderline intellectual functioning, alcohol dependence, and personality disorder. (*Id.*) At step three, the ALJ found that Plaintiff had no impairment or combination of impairments listed in, or medically equal to, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 18.) The ALJ then determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, but with nonexertional limitations:

> never climb ladders or scaffolds, avoid all exposure to operational control of moving machinery and unprotected heights; perform only simple, routine, and repetitive tasks; occasionally make work-related decisions; occasionally deal with changes in the work setting; and interact with the public, coworkers, and supervisors for less than two hours each workday, but never perform conflict resolution, negotiations, sales, or supervision of others.

(Tr. 21.) At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a furniture assembler. (Tr. 24.) At step five, the ALJ determined that there were jobs, such as hand packager, vehicle cleaner, and laundry worker, which Plaintiff could perform consistent with his RFC, age, education, and work experience. (Tr. 24-25.)

## IV. ANALYSIS

Plaintiff makes two arguments. First, he asserts that that the ALJ violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), by failing to account for Plaintiff's moderate limitations in concentration, persistence, or pace in his RFC. (Docket Entry 10 at 4-6.) Second, Plaintiff contends that there are material inconsistencies in the ALJ's decision warranting remand. (*Id.* at 6-7.) For the reasons stated below, the Court recommends remand based upon Plaintiff's first argument.

3

### A. The ALJ failed to account for Plaintiff's moderate difficulties in concentration, persistence, or pace in step three of the sequential evaluation process.

Plaintiff contends that the ALJ erred by failing to incorporate in his RFC the moderate limitations in concentration, persistence, or pace that were found in step three of the SEP. (*Id.* at 4-6.) To the contrary, Defendant contends that the ALJ accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace by including numerous mental limitations in the RFC finding. (Docket Entry 12 at 5.) For the following reasons, the Court agrees with Plaintiff that the ALJ failed to account for his moderate limitations in concentration, persistence, or pace in his RFC.

"At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments." *Hodge v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-3619, 2015 WL 5813999, at *1 (D. Md. Sept. 29, 2015) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00)). Each listing "consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Id.* (citing 20 C.F.R. Part 404, Subpt. P, App. 1. § 12.00(A)). Both the paragraph A criteria and the paragraph B criteria must be satisfied for the ALJ to determine that the claimant meets the listed impairment. *Id.*

"Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." *Id.* The ALJ uses a "special technique" to determine the claimant's degree

4

of limitation in each area, "based on the extent to which the claimant's impairment 'interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis.'" *Id.* (citing 20 C.F.R. § 404.1520a(c)(2)). The ALJ rates a claimant's degree of limitation in the first three areas as either: none, mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(4) and 416.920a(c)(4). "In order to satisfy paragraph B, a claimant must exhibit either marked limitations in two of the first three areas, or marked limitation in one of the first three areas with repeated episodes of decompensation." *Hodge*, 2015 WL 5813999, at *2 (citations and quotations omitted). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C).

Pertinent to the issues in the present case, "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3)). In *Mascio v. Colvin,* the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d 632, 638 (4th Cir. 2015) (internal citations and quotations omitted). *Mascio* further explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit in *Mascio* noted that the ALJ's error might have been cured by an explanation as to why the

5

claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, absent the explanation, remand was necessary. *Id.*

Here, the ALJ concluded that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. (Tr. 19.) In an attempt to account for these limitations, the ALJ limited Plaintiff to "simple, routine, and repetitive tasks; occasionally mak[ing] work-related decision; occasionally deal[ing] with changes in the work setting; and interact[ing] with public, coworkers, and supervisors for less than two hours each workday, but never perform conflict resolution, negotiations, sales, or supervision of others." (Tr. 21.) The ALJ's hypothetical to the Vocational Expert ("VE") included these limitations, and the VE concluded that an individual with these limitations could perform work as a hand packager, vehicle cleaner, or laundry worker. (Tr. 76-77.) The ALJ adopted these findings at step five. (Tr. 25.) Nonetheless, these limitations did not account for Plaintiff's moderate difficulties in concentration, persistence, or pace.

The Commissioner contends that the restrictions placed on Plaintiff, including "occasionally mak[ing] work-related decisions; occasionally deal[ing] with changes in the work setting;" and the two-hour constraint on his social interactions, account for Plaintiff's limitations in concentration, persistence, and pace. (Docket Entry 12 at 5). Since the ruling in *Mascio*, district courts within the Fourth Circuit have, on several occasions, considered whether the additional requirements similar to the ones imposed by the ALJ here are sufficient to account for Plaintiff's moderate limitations in concentration, persistence, or pace. The majority of the courts, including this Court, have found that they do not. *See Burrow v. Covin*, No. 1:15CV163, 2016 WL 1258840, at *4 (M.D.N.C. Mar. 28, 2016) (holding that a limitation

6

to simple tasks at a non-production pace with only occasional interaction with co-workers and supervisors did not sufficiently address the claimant's limitations in concentration); *see also Biddell v. Colvin*, No. 1:15-cv-00080-MOC, 2016 WL 815300, at *5-6 (W.D.N.C. Feb. 29, 2016) (finding that the RFC limiting the plaintiff "to simple, routine, repetitive tasks involving only one to three step instructions, a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people" did not account for moderate limitations in concentration, persistence, and pace); *Weeks v. Colvin*, No. 5:14-CV-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sep. 8, 2015) (holding that a limitation to simple, routine, repetitive tasks with only occasional contact with the public and occasional workplace changes only accounted for the claimant's limitation in concentration and persistence, but not in pace); *Hagerdorn v. Colvin*, No. 2:12CV85-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (holding that a limitation to simple, routine, repetitive task with occasional change in job setting or decision making only accounted for the claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, but those mental limitations were not the same as the limitations in concentration). *But see, e.g., Linares v. Colvin*, No. 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (holding that the claimant's limitation in pace was accounted for when the ALJ restricted her to "non-production pace," and her limitations in concentration and persistence were accounted for when the ALJ restricted her to a "stable work environment with occasional public contact").

7

Here, as found in the majority of cases noted above, the limitations provided in Plaintiff's RFC do not adequately address his moderate limitations in concentration, persistence, or pace as required by *Mascio*. Although the RFC's restrictions account for some of Plaintiff's mental limitations under Social Security Ruling 96-8p, *available at* 1996 WL 374184 at *6, the ALJ did not account for Plaintiff's limitations in concentration, persistence, or pace. "Simply accounting for some mental limitations does not satisfy review, especially where the ALJ explicitly noted a moderate difficulty and then failed to account for it." *Hagedorn*, 2015 WL 4410288, at *4.

Plaintiff correctly notes that the ALJ did not explain why Plaintiff's limitations in concentration, persistence, or pace at step three did not translate into a limitation in Plaintiff's RFC. (*Id.*) The Fourth Circuit held that:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's [RFC]. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]. But because the ALJ here gave no explanation, a remand is in order.

*Masico*, 780 F.3d at 638 (internal citations omitted). In *Mascio*, the court was particularly concerned with the ALJ's failure to discuss the claimant's ability to perform the relevant work-related functions for a full workday. *Id.* at 637-38. The court was left "to guess about how the ALJ arrived at his conclusions [regarding the claimant's] ability to perform relevant functions." *Id.* at 637.

Plaintiff's case is distinguishable from *Mascio* in one aspect; in *Mascio*, the RFC restricted him to only unskilled work; whereas here, Plaintiff's RFC included additional limitations. (Tr.

21.) Nevertheless, as in *Mascio*, the ALJ here failed to explain why the moderate limitations in concentration, persistence, and pace found in step three were not accounted for in Plaintiff's RFC. At step three, the ALJ gave "significant weight" to state consultative examiner J. Craig Hunt, Psy.D., who stated in an assessment that Plaintiff "demonstrated moderate to marked problems with concentration, persistence, and pace . . . ."[2] (Tr. 401; *see also* Tr. 23.) Although Dr. Hunt opined that Plaintiff "appears to have the intellectual capacity to perform simple, routine, repetitive tasks" (Tr. 401), Dr. Hunt also noted that Plaintiff's "ability to sustain attention, concentrate, and exert mental control is in the borderline range." (Tr. 398.) As a result, the Court concludes that remand is warranted because the ALJ did not provide a logical bridge between the conclusion that Plaintiff could perform simple, routine, repetitive tasks and evidence of his problems with concentration, persistence, or pace. *See e.g., Greer v. Colvin*, No. 1:14CV00143, 2016 WL 1367745, at *8 (M.D.N.C. Apr. 6, 2016) (holding that remand was warranted because the ALJ failed to provide a logical bridge between the conclusion that the claimant had the ability to perform simple tasks and evidence indicating that the claimant had difficulty maintaining attention and concentration); *Pulliam v. Colvin*, No. 1:13CV176, 2016 WL 843307, at *4 (M.D.N.C. Mar. 1, 2016) (holding that remand was warranted because the ALJ did not explain the discrepancy between the conclusion that the claimant could "maintain focus throughout the workday" and the medical opinion indicating that the claimant had "difficulty performing tasks requiring concentration and focus"); *cf. Able v. Colvin*, No.

---

[2] In 2012, Dr. Betty Aldridge, the state agency psychological consultant, opined that Plaintiff was "able to sustain attention and concentration for two hour segments, relate appropriately to supervisors, follow simple instructions, and adapt to routine changes in the work setting." (Tr. 105.) Her opinion was given limited weight by the ALJ because the evidence received at the hearing level indicated that Plaintiff was more limited than suggested by Dr. Aldridge. (Tr. 24.)

9

1:14CV1078, 2016 WL 1229086, at *6 (M.D.N.C. Mar. 28, 2016) (holding that the ALJ provided a logical bridge "between the record evidence and [the ALJ's] conclusion that Plaintiff [could] perform simple tasks, notwithstanding moderate limitation in concentration, persistence, or pace").

In sum, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Pulliam*, 2016 WL 843307, at *6 (citation omitted). In the present case, the ALJ did neither. On remand, the Commissioner should conduct a proper analysis of Plaintiff's limitations in concentration, persistence, or pace in light of the principles articulated in *Mascio*. The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issue raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d at 763-764 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*).

## V. CONCLUSION

For the reasons stated herein, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 11) should be **DENIED** and Plaintiff's Motion for Judgment Reversing the Commission (Docket Entry

10

9) should be **GRANTED**. To the extent that Plaintiff's motion seeks an immediate award of benefits, his motion should be **DENIED**.

                                                                 _____
                                                                                        Joe L. Webster
                                                                          United States Magistrate Judge

June 16, 2016
Durham, North Carolina